**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CASE NO. 5:25-cv-00145-MR**

| | | |
|---|---|---|
| **MARK THOMAS BOGER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| **LESLIE COOLEY DISMUKES,** | ) | |
| **Secretary, North Carolina** | ) | |
| **Department of Adult Correction,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the <u>pro</u> <u>se</u> Petition for Writ of

Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Mark Thomas Boger

(the "Petitioner") on September 11, 2025. [5:25-cv-00145, Doc. 1] Also

before the Court is the Respondent's Motion to Dismiss [<u>id.</u>, Doc. 9], the

Petitioner's renewed Motion to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u>, [<u>id.</u>, Doc. 15],

and the Petitioner's Motion to Amend an earlier filing. [<u>Id.</u>, Doc. 18].

**I.      BACKGROUND**

The Petitioner is a prisoner of the State of North Carolina. [5:25-cv-

00145, Doc. 1 at 1].  Including this matter, the Petitioner has filed four actions

in this Court that relate directly or indirectly to his North Carolina convictions

sustained in the Iredell County Superior Court on October 4, 2018, for which

he is imprisoned.[1] The Court finds it necessary, in order to conduct its review of this case, to recount in detail the procedural history leading up to the present petition.

In 2016, the Petitioner was charged in Iredell County Criminal Case Number 16-CrS-53224 with: (1) Possession with Intent to Sell or Deliver a Schedule II Controlled Substance; (2) Maintaining a Dwelling for Keeping or Selling Controlled Substances; and (3) Sale of Schedule II Controlled Substances. [5:25-cv-00145, Doc. 1 at 1]. He was also charged in a second matter, Criminal Case Number 16-CrS-53225, with three like charges. [Id.]. In 2017, Petitioner was charged in Criminal Case Number 17-CrS-828 with being a Habitual Felon. [Id.].

On October 4, 2018, following a jury trial on the 2016 drug charges, Petitioner was convicted on all counts. Thereafter, he entered a plea of guilty to being a habitual felon. [5:25-cv-00145, Doc. 1-1 at pp. 2-3]. According to the NCDAC Database, the state trial court sentenced the Petitioner in one judgment as a habitual felon to a 10-to-13 year term of imprisonment for the convictions in Case Number 16-CrS-53224, and in a second judgment to a

---

[1] This Court's file numbers associated with Petitioner's four cases are: 5:21-cv-00018; 5:21-cv-00123; 5:22-cv-00034; and 5:25-cv-00145. The Court takes judicial notice of all documents in each of these files. Fed. R. Evid. 201. Citations to documents referenced in this order will list the case file number followed by the docket number where the document appears. For example, the petition filed in this present case would be cited as [5:25-cv-00145, Doc. 1].

consecutive habitual 10-to-13 year term of imprisonment for the convictions in Case Number 16-CrS-53225.[2]

The Petitioner filed a direct appeal raising two grounds: (1) the record did not reflect that the jury was properly impaneled at his trial, and (2) the trial court's judgment assessing attorney's fees violated due process because he was not present before the trial court when it ascertained the amount of fees owed.  State v. Boger, No. COA19-220, 2019 WL 5214588 (N.C. App. Oct. 15, 2019) (unpublished).  The appellate court affirmed Petitioner's judgments finding no error in the trial court's impaneling of the jury.  Id.  The appellate court, however, vacated the award of attorney's fees and remanded the matter to the trial court for it to provide the Petitioner with notice and an opportunity to be heard on the determination of the amount of attorney's fees owed.  Id.

On December 27, 2019, the Petitioner filed a pro se post-conviction "Motion to Vacate" in Iredell County Superior Court. [5:25-cv-00145, Doc. 1-2]. In this filing, the Petitioner alleged a single instance of prosecutorial

---

[2]  See  https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0036105&searchOffenderId=0036105&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (herein "NCDAC Database"); Fed. R. Evid. 201.

misconduct and requested the trial court to vacate his convictions and sentences. [Id.]. The state trial court has never acted upon this motion.

On January 6, 2020, following the remand from the North Carolina Court of Appeals, the trial court conducted a hearing on the attorney's fees issue. State v. Boger, No. COA20-393, 2021 WL 1750858 (N.C. App. May 4, 2021) (unpublished). On that day, the trial court ordered "that the $3210.00 attorneys fees remain as a civil judgment." [5:25-cv-00145, Doc. 10-13 at 2]. Separately from reconsidering the assessment of attorney's fees, and as a result of the Petitioner's derogatory epithets directed at his attorney and at the court during that hearing, the trial court notified the Petitioner he would be held in criminal contempt. On January 9, 2020, the trial court convicted and sentenced him to an additional 60 days to be served at the end of his sentence. Boger, No. COA20-393, supra. The Petitioner appealed again, this time challenging only the contempt judgment, and the Court of Appeals affirmed the trial court. Id.

On October 2, 2020, the Petitioner filed a pro se post-conviction Motion for Appropriate Relief ("MAR") in Iredell County Superior Court challenging the evidence presented against him at trial. [5:25-cv-00145, Doc. 10-11]. The trial court denied the MAR on November 6, 2020, concluding that

Petitioner failed to set forth any probable grounds for relief. [5:22-cv-00034, Doc. 11 at 5].

On February 5, 2021, Petitioner filed a complaint in this Court, pursuant to 42 U.S.C. § 1983, asserting that the Iredell County assistant district attorney who prosecuted Petitioner violated his due process rights, and the trial judge who presided over his criminal trial in Iredell County violated Petitioner's constitutional rights by failing and refusing to rule on his Motion to Vacate. [5:21-cv-00018, Doc. 1]. By Order entered March 16, 2021, this Court dismissed Petitioner's action finding that it failed to state a claim and, additionally, the relief Petitioner sought in requesting an order to compel the trial judge to act upon Petitioner's pending Motion to Vacate was unavailable under 42 U.S.C. § 1983. [Id., Doc. 12 at 5]. Petitioner filed a motion to reconsider on April 5, 2021. [Id., Doc. 14]. This Court denied that motion on April 21, 2021. [Id., Doc. 16]. In its Order denying Petitioner's reconsideration motion, the Court explained,

> Moreover, the Court is without authority here to order Judge Crosswhite to rule on Plaintiff's pending motion to vacate. Plaintiff, however, is not without an avenue for relief. The most obvious avenue for Plaintiff is to seek a Writ of Mandamus from the North Carolina Court of Appeals pursuant to Rule 22 of the North Carolina Rules of Appellate Procedure. Thereafter, Plaintiff may seek relief from his State conviction under 28 U.S.C. § 2254 after exhausting his State court remedies or on showing "there is an absence of available State corrective process" or

"circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254 (b)(1).

[Id., Doc. 16 at 4].

On August 18, 2021, using a North Carolina appellate form as a template, Petitioner filed a "Petition for Writ of Certiorari" in this Court. [5:21-cv-00123, Doc. 1]. On September 20, 2021, this Court denied and dismissed Petitioner's action without prejudice explaining,

> The Court here has an insufficient record on which to address Plaintiff's request for relief. It does not appear that Petitioner has exhausted his state remedies and Petitioner's submission of the subject filing on a form intended for relief from North Carolina appellate courts has further confused matters. If Petitioner intends to seek relief under 28 U.S.C. § 2254, he is reminded that he must exhaust his state remedies first and then he must submit his petition on the appropriate form. The Court will therefore deny and dismiss Plaintiff's motion without prejudice to Plaintiff filing a new action pursuant to 28 U.S.C. § 2254 when he has fully exhausted his state remedies. To that end, the Court will instruct the Clerk to send Plaintiff a blank § 2254 form. The Court, however, does not assess the merits of such action now or the timeliness of any relevant proceedings relate thereto.

[5:21-cv-00123, Doc. 4 at pp. 4-5].

On September 1, 2021, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals. State v. Boger, No. P21-344 (N.C. App. Sept. 1, 2021). Petitioner asserts he made this filing because he was "tired of waiting for a ruling on his Motion to Vacate[.]" [5:25-cv-00145, Doc. 1 at 2]. On October 8, 2021, the court of appeals denied Petitioner's certiorari

6

petition.  State v. Boger, No. P21-344 (N.C. App. Oct. 8, 2021).  Petitioner

filed a Motion to Reconsider October 20, 2021, which the appellate court

denied that day. State v. Boger, No. P21-344 (N.C. App. Oct. 20, 2021).

On March 31, 2022, the Petitioner filed in this Court a petition for writ

of habeas corpus, pursuant to 28 U.S.C. § 2254.  [5:22-cv-00034, Doc. 1].

On December 6, 2023, the Court dismissed the action.  [Id., Doc. 22].  The

Court found, based upon Petitioner's sworn statements in the petition, that

his Motion to Vacate filed in the state trial court had not been resolved and

remained pending. [Id.]. As such, and since nothing contained in Petitioner's

post-conviction motion had been presented to the highest state court having

jurisdiction, this Court concluded Petitioner had not exhausted his available

state remedies. [Id.].

On December 20, 2023, Petitioner filed a Motion to Reconsider the

Court's December 6, 2023, dismissal order.  [Id., Doc. 26].   On October 15,

2024, the Court denied Petitioner's motion. [Id., Doc. 48]. The Court noted

that Petitioner still had pending his Motion to Vacate in state court that

precluded this Court's jurisdiction to review the merits of his petition.  [Id.,

Doc. 48 at pp. 6-7]. On October 28, 2024, the Petitioner appealed this Court's

order  dismissing  his  §  2254  action  and  the  Court's  order  denying

reconsideration  to  the  Fourth  Circuit.  [Id.,  Doc.  50].   In  an  unpublished

decision, the Fourth Circuit dismissed Petitioner's appeal on March 4, 2025. [Id., Doc. 55].

On March 17, 2025, Petitioner filed a Petition for Writ of Mandamus in the North Carolina Court of Appeals, seeking an order compelling the state trial court to act on his Motion to Vacate. [5:25-cv-00145, Doc. 10-14]; Boger v. Iredell County Superior Court, No. P25-183 (N.C. App. Mar. 17, 2025). On June 4, 2025, the appellate court denied the petition. [5:25-cv-00145, Doc. 10-15]. On June 30, 2025, Petitioner sought further review in the North Carolina Supreme Court. [5:25-cv-00145, Doc. 10-16]; Boger v. Iredell County Superior Court, No. 161P25-1 (N.C. June 30, 2025). On August 20, 2025, the North Carolina Supreme Court dismissed Petitioner's motion. [5:25-cv-00145, Doc. 10-17].

On September 11, 2025, the Petitioner filed in this Court a second in time petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. [5:25-cv-00145, Doc. 1]. This petition is the one presently before the Court for review. The Petitioner also filed a Motion to Proceed In Forma Pauperis. [Id., Doc. 2]. The Petitioner, however, did not submit any prisoner trust fund account statement with his IFP motion and the Court thus dismissed that motion without prejudice. [Id., Doc. 4].

On November 25, 2025, the Court conducted its initial review of the § 2254 petition and, among other things, ordered the Respondent to answer or otherwise plead to the petition within 60 days. [Id., Doc. 4]. On January 26, 2026, the date the Respondent's responsive pleading was due, the Respondent filed a Motion for Extension of Time to Answer [id., Doc. 7], seeking an additional 30 days to respond to the petition. Three weeks later, on February 17, 2026, the Petitioner filed an objection to Respondent's request for additional time.  [Id., Doc. 8]. On February 25, 2026, the Respondent filed a Motion to Dismiss [id., Doc. 9], a Memorandum with exhibits in support of her dismissal motion [id., Doc. 10], and a Motion for Leave to File Excess Pages. [Id., Doc. 11].  The following day, the Respondent filed a Motion to Deem Timely Filed her dismissal motion. [Id., Doc. 12].

In her Motion for Extension of Time to Answer, the Respondent indicated that part of her request for such extension was because she was "still waiting to receive certain documents from the state trial court which are necessary to complete Respondent's response to the petition."  [Id., Doc. 7 at 2]. The Petitioner's objection to the Respondent's request did not address this ground, or any other, but simply asked the Court to deny Respondent's additional time request. [Id., Doc. 8].  The Court granted the Respondent's

9

Motion for Extension of Time to Answer and denied as moot the Respondent's Motion to Deem Timely Filed. [Id., Doc. 13].

In her Motion to Dismiss and supporting Memorandum, the Respondent lists several bases that she argues legally would support an order for dismissal of the § 2254 petition. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court entered an Order March 5, 2026, notifying the Petitioner that he had a right to respond to the Respondent's dismissal motion.[3]  [Id., Doc. 13]. On March 12, 2026, the Petitioner filed his Response to the Respondent's dismissal motion.  [Id., Doc. 14]. The same day, the Petitioner renewed his Motion to Proceed In Forma Pauperis. [Id., Doc. 15].  On March 16, 2026, the Petitioner filed a Motion to Amend his Reply to the Respondent's Motion to Dismiss, [id., Doc. 18], to which the Respondent did not object.  [Id., Doc. 20 at 1]. The parties have filed their respective responses and replies to the Respondent's dismissal motion and that motion in now ripe for review.

---

[3]  The Fourth Circuit did not hold in Roseboro that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions.  See Roseboro, 528 F.2d at 310 ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss out of an abundance of caution, and the Court did so here.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Following the Petitioner's direct appeal of his two judgments to the North Carolina Court of Appeals, the appellate court vacated the trial court's award of attorney's fees and remanded the matter to the trial court. On remand, the state trial court conducted a new hearing regarding the

11

attorney's fees issue and found the Petitioner liable for attorney's fees in the amount of $3,210 in an order dated January 6, 2020. [5:25-cv-00145, Doc. 10-13 at 2]. Following that hearing, the Petitioner sustained his contempt conviction and sentence.

While the Petitioner noticed an appeal at the conclusion of the remand hearing, the Petitioner appealed only his new contempt judgment. State v. Boger, No. COA20-393, 2021 WL 1750858 (N.C. App. May 4, 2021) (unpublished). The Petitioner did not appeal the new attorney's fees determination or any other part of his two original judgments. Id. Accordingly, the Petitioner's 2016 drug convictions and corresponding habitual sentences contained in those two judgments became final at the expiration of the time for seeking direct review of them, which is fourteen days under North Carolina law. N.C. R. APP. 4(a). Thus, under *typical* circumstances, the Petitioner's 365-day limitations period would have begun to run on Tuesday, January 21, 2020, fourteen days after the January 6, 2020, date of the state trial court's order on remand (and excluding the January 20, 2020, Martin Luther King, Jr., federal holiday). This action, however, presents an atypical circumstance: the Court must now address the Petitioner's still pending pro se Motion to Vacate filed December 27, 2019, which the Petitioner contends

tolled, and continues to toll, the running of the AEDPA's limitations period. [5:25-cv-00145, Doc. 14].

As mentioned briefly above, the AEDPA's applicable limitation period is tolled during the pendency of a *properly filed* state post-conviction action. 28 U.S.C. § 2244(d)(2) (emphasis added). "An application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000). But, § 2244(d)(2) demands more than mere filing. "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Id. In this matter, the Respondent argues that the Petitioner's Motion to Vacate was not "properly filed" with the state trial court because such motion is a "nullity" under North Carolina law. [5:25-cv-00145, Doc. 10 at 14]. The Respondent advances two independent reasons for her position.

First, the Respondent asserts that the only authorized North Carolina procedural mechanism available to criminally convicted persons for them to collaterally attack their state court judgments or the execution of their sentences, aside from a petition for writ of habeas corpus, is a Motion for

Appropriate Relief. [Id., Doc. 10 at 15]. When creating this procedural mechanism, the North Carolina General Assembly stated:

> The relief formerly available by motion in arrest of judgment, motion to set aside the verdict, motion for new trial, post-conviction proceedings, coram nobis *and all other post-trial motions is available by motion for appropriate relief*. The availability of relief by motion for appropriate relief is not a bar to relief by writ of habeas corpus.

N.C. Gen. Stat. § 15A-1411(c) (emphasis added). Based upon the state legislature's declaration so made and the commentary accompanying this statute, the North Carolina Court of Appeals held that "the motion for appropriate relief is intended to provide a single, unified procedure for raising at the trial level errors which are asserted to have been made during the trial." State v. Oakley, 75 N.C. App. 99, 103, 330 S.E.2d 59, 62 (1985) (internal citation omitted). Because a Motion for Appropriate Relief displaced "all other post-trial motions[,]" the Respondent contends the Petitioner's Motion to Vacate is not an authorized post-trial filing[4] and the state trial court was under no duty to rule upon it. As a "nullity" then, the Petitioner's Motion to Vacate cannot meet § 2244(d)(2)'s definition of "a properly filed state post-conviction action."

---

[4] The Respondent also notes that the Petitioner was "well aware of the availability of a motion for appropriate relief, as he filed one on 2 October 2020 and less than a year after his 'motion to vacate.' " [5:25-cv-00145, Doc. 10 at 16].

14

Second, the Respondent asserts that the Petitioner's Motion to Vacate was a nullity because, under North Carolina law, criminal defendants who are represented by counsel may not file pro se motions.

> As the North Carolina Supreme Court has held, a criminal defendant "has only two choices – to appear in propria persona or, in the alternative, by counsel." State v. Williams, 363 N.C. 689, 700 (2009) (cleaned up). Further, a defendant "has no right to appear both by himself and by counsel. Nor should he be permitted ex gratia to do so." State v. Farook, 381 N.C. 170, 185 (2022) (cleaned up). When a defendant is represented, he or she is "not allowed to file pro se motions" and those pro se motions are considered "a legal nullity." Id.

[5:25-cv-00145, Doc. 10 at 19]. According to the Respondent, "Petitioner was necessarily represented by counsel when the motion to vacate was filed – either his appellate counsel, or the trial counsel assigned to represent him at the attorney's fees hearing[.]" [Id., Doc. 10 at 18]. Therefore, the Petitioner's Motion to Vacate was a legal nullity when it was filed and irrelevant to any AEDPA statute of limitations calculation.

In response to the Respondent's first argument, the Petitioner asserts that, despite the fact that he titled his post-conviction filing as a Motion to Vacate, the state trial court could have construed it as a Motion for Appropriate Relief. [5:25-cv-00145, Doc. 14 at 3]. As to the Respondent's second argument, the Petitioner asserts that he was not represented by counsel on December 27, 2019, when he filed his Motion to Vacate.

According to the Petitioner, he was not represented by appellate counsel after October 15, 2019. "Appellate Counsel did not represent Plaintiff at the attorney's fees hearing. Trial Counsel was not appointed to represent Plaintiff at that hearing and there will be no record of such. Trial Counsel and Plaintiff were basically adversaries at that hearing." [Id., Doc. 14 at 2].

This Court need not be the arbiter of the parties' disagreement regarding the legitimacy of the Petitioner's Motion to Vacate since the North Carolina appellate courts have already resolved that dispute. The Petitioner sought a writ of mandamus from the North Carolina Court of Appeals asking it to direct the trial court to rule on his Motion to Vacate. The appellate court refused to order the trial court to so act and denied the Petitioner's mandamus request. The state supreme court likewise did the same when the Petitioner sought review there. Because these courts provided no reasons for denying the Petitioner's mandamus request, "[u]nder § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision[.]" Harrington v. Richter, 562 U.S. 86, 102 (2011). If there is "any reasonable argument" supporting the state courts' actions, then a federal habeas court may not disturb the state courts' decisions. Id. at 105.

In the present matter, either or both arguments advanced by the Respondent are reasonable. The Court presumes the state appellate courts denied the Petitioner's request to require the state trial court adjudicate his Motion to Vacate because said motion, under North Carolina law, was null and void ab initio, had no legal effect once filed, and therefore required no attention from the trial court. Accordingly, the Court concludes Petitioner's Motion to Vacate is not a properly filed state post-conviction action, as contemplated by 28 U.S.C. § 2244(d)(2), and therefore has no tolling effect upon the AEDPA's limitations period.

With the foregoing in mind, the AEDPA limitations period for the Petitioner to commence this action did begin to run on January 21, 2020, and ran for 255 days until it was tolled on October 2, 2020, by the Petitioner's properly filed MAR. The AEDPA's one-year limitations period remained tolled during the pendency of this MAR proceeding. "[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners[.]" Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). The trial court denied the MAR on November 6, 2020, and the state appellate court

17

thereafter denied the Petitioner's certiorari petition on October 8, 2021. Following the appellate court's October 8, 2021, dismissal, the AEDPA limitations period began running again and expired 110 days later on Wednesday, January 26, 2022. The present action, commenced September 11, 2025, is filed more than three and half years beyond the limitations period and is therefore subject to dismissal unless additional tolling is warranted.

Because the Petitioner has made no showing that he is entitled to statutory tolling under § 2244(d)(1)(B)-(D), or that equitable tolling of the statute of limitations applies, the § 2254 petition is time-barred under § 2244(d)(1)(A). As noted by the Respondent, "Petitioner has made no argument, either in the petition or his response to Respondent's motions to dismiss, that statutory or equitable tolling are appropriate in this case." [5:25-cv-00145, Doc. 19 at 5]. The Petitioner's retort to this observation, in its entirety, states: "Petitioner's every argument against Respondent's claims concerning tolling in her motions to dismiss are, in fact, arguments in support thereof and should be considered as such." [5:25-cv-00145, Doc. 21 at 1]. Despite this blanket assertion, nowhere in any of the Petitioner's filings does he contend that statutory tolling under any of subsections (B), (C), or (D) of § 2244(d)(1) apply in this action. The same holds true regarding any applicability of the principle of equitable tolling.

Equitable tolling of the statute of limitations for an untimely § 2254 petition may apply where a petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). It is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

The Petitioner has made no showing that he diligently pursued his rights, and he likewise has failed to show that circumstances external to his own conduct were the bases for the late filing of his § 2254 petition. This matter is not one of those rare instances where, due to circumstances external to Petitioner's own conduct, it would be unconscionable to enforce the limitation period against him. As such, the § 2254 petition shall be dismissed as untimely.

## III. CONCLUSION

For the reasons set forth above, the Court shall grant the Respondent's Motion to Dismiss. Accordingly, the § 2254 petition shall be dismissed as

untimely and, therefore, the Court is without jurisdiction to consider any of the Petitioner's claims therein. The Petitioner's renewed Motion to Proceed In Forma Pauperis shall be denied as moot. Without objection by the Respondent, the Petitioner's Motion to Amend his Reply to the Respondent's Motion to Dismiss shall be granted.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1.      The Respondent's Motion to Dismiss [5:25-cv-00145, Doc. 9] is **GRANTED**.

2.      The Petition for Writ of Habeas Corpus [5:25-cv-00145, Doc. 1] is **DISMISSED.**

3. The Petitioner's renewed Motion to Proceed In Forma Pauperis [5:25-cv-00145, Doc. 15] is **DENIED as moot**.

4. The Petitioner's Motion to Amend his Reply to the Respondent's Motion to Dismiss [5:25-cv-00145, Doc. 18] is **GRANTED**.

5. The Court **DECLINES** to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

6. The Clerk of Court is respectfully directed to terminate this case.

**IT IS SO ORDERED.**

Signed: June 9, 2026

Martin Reidinger
Chief United States District Judge

21